Wall. (81 U. S.) 661; Planters' Bank v. Union Bank, 16 Wall. (83 U. S.) 483; Taylor v. Thomas, 22 Wall. (89 U. S.) 479; Holleman v. Dewey, Case No. 6,607; Hatch v. Burroughs, Id. 6,203; Evans v. City of Richmond, Id. 4,570.]

## Case No. 741.

### BAILEY v. NICHOLS et al.

[2 N. B. R. 478, (Quarto, 151;) 2 Amer. Law T. Rep. Bankr. 60; 1 Chi. Leg. News. 185.]

District Court, N. D. Ohio. April, 1869.

BANKRUPTCY—PROOF OF NOTES PLEDGED AS COLLATERAL.

[Promissory notes for $1,100, which were invalid in the hands of the payee, were pledged by him to secure an indebtedness of $147.35. *Held*, that on the bankruptcy of the maker the pledgee was entitled, under the bankrupt act of March 2, 1867, (14 Stat. 517, c. 176,) to prove against the bankrupt estate the full amount of the notes, and to receive dividends thereon to the extent of $147.35, and that the proof should not be restricted to the sum of $147.35. the amount of the debt secured by the pledge of the notes.]

[In bankruptcy. Petition by Bailey, assignee of Warner & Curtis, bankrupts, against T. W. Nichols, payee of promissory notes made by the bankrupts, and Hower & Co., indorsees. Prayer that the notes be canceled, except as to the interest of Hower & Co. Granted. Prayer that Hower & Co. be allowed to prove and receive dividends on only the amount of the notes. Denied.]

SHERMAN, District Judge. In March, 1868, Warner & Curtis purchased of T. W. Nichols a patent right, which was afterwards discovered to be of no value, and gave, among other things, their two promissory notes, one for five hundred dollars, due in eight months. and one for six hundred dollars, due in twelve months. In May, 1868, Nichols purchased goods of Hower & Co., to the amount of one hundred and forty-seven dollars and thirty-five cents, and gave them the above-named notes as collateral security for the payment of his indebtedness. It is admitted that the notes are valid in the hands of Hower & Co., but as to Nichols, they are void, the patent for which they were given being worthless, and he, in fact, subsequently agreeing to cancel them. Warner & Curtis were declared bankrupts, June 1, 1868, and Bailey appointed their assignee June 16, 1868. The petition prays: First, that Nichols may be decreed to surrender the two notes and they be cancelled, except so far as the interest of Hower & Co. is concerned; and second, that Hower & Co. may only prove said notes to the amount of one hundred and forty-seven dollars and thirty-five cents, and receive dividends on that sum. The first prayer is, of course, granted, as it carries into effect the agreement made between Nichols and Warner & Curtis.

The second involves this question. Can Hower & Co. prove against the estate of Warner & Curtis such an amount on the two notes that the dividends thereof will be sufficient to pay the full amount of one hundred and forty-seven dollars and thirty-five cents, or is it only allowable to prove to the extent of one hundred and forty-seven dollars and thirty-five cents, and receive dividends on that amount. When negotiable paper is deposited as collateral security, as this was, it is a pawn or pledge vesting a special property in the pawnee, with a right to detain it as security for the debt, and leaving the general property in the pawnor. Garlick v. James, 12 Johns. 146. When the pledge is negotiable paper, the pledgee cannot compromise with parties to the paper for less than the whole sum due on the paper, and if he does, he will be compelled to account to the pledgor for the full value. 15 Mass. 534; 12 Ind. He has a right to sue the paper and recover the full amount in his own name. Indeed, it has been held, that in the absence of a special power, he has no right to sell, but he may apply to a court of equity for a foreclosure and sale, and the purchaser in that case could certainly prove and receive dividends on the whole amount of the security. The pledge, in all cases, is a security for the whole and every part of the debt. The payment of a part still leaves the whole security a perfect pledge for the residue of the debt. Story, Bailm. § 301.

These principles show very clearly that Hower & Co. can hold the two notes until their debt is paid; that they have no right to compromise without the assent of Nichols; that they may sue and recover on the notes in their own name, and that the whole of both notes are as much security for the last, as the first dollar of their claim. This being so, it follows that they have the right to prove both notes against the estate of the bankrupts, or as much of the same as will secure dividends to the amount of one hundred and forty-seven dollars and thirty-five cents, their claim. This doctrine was expressly ruled by Lord Thurlow in Re Crossley, 3 Brown, Ch. 237; and by Lord Eldon in 6 Ves. 449, 600. And also in 1 P. Wms. 582. I am therefore compelled by these authorities to order, first, that Nichols surrender the two notes and that they be cancelled, except as to the interest of Hower & Co. in them; second, that Hower and Co. are entitled to receive, and that they be paid dividends on the amount of said two notes to the extent of one hundred and forty-seven dollars and thirty-five cents, and no more.

## Case No. 742.

### BAILEY et al. v. PACIFIC R. CO. et al.

Circuit Court, E. D. Missouri. March 28, 1874.

[Nowhere reported; no opinion rendered. Reversed by the supreme court, on appeal, in Bailey v. Magwire, 22 Wall. (89 U. S.) 215.]